# State Road in Lehigh and Bucks Counties.

1. Where a duty of a public nature is devolved upon a number, although all must deliberate, a majority may decide.

2. Under a reference to three, the award of whom or a majority to be final, in case of an award by two, their proceedings are presumed to be regular.

3. An act appointed three commissioners to lay out a road, and directed that "said commissioners or a majority of them" should view, &c., and report. The act afterwards provided "if any vacancy should occur, the same shall be supplied by the remaining commissioners selecting a suitable person to constitute a board of not less than three members." Two only signed the report. *Held* to be regular.

January 18th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Bucks county:* No 272, to January Term 1868, at the instance of John B. Missimer.

An Act of Assembly was passed March 29th 1867, sect. 1, appointing Andrew Apple, Reuben Stahler and Aaron N. Laros, commissioners o view, lay out and mark a state road, beginning in the old Bethlehem road, in the county of Bucks, at or near Pleasant Valley, thence, &c., to the railroad station of the North Pennsylvania Railroad, at Coopersburg, in the county of Lehigh,

[State Road in Lehigh and Bucks Counties.]

and thence, &c., to or near Zionsville, in the county of Lehigh, on the turnpike leading from Millerstown to Pennsburg.

"Sect. 2. It shall be the duty of the said commissioners, or a majority of them, after taking, &c., an oath or affirmation, carefully to view the ground on which the said road may pass, and lay out and mark the same on the route agreed upon by them for the road aforesaid, in such manner as to enable the supervisors readily to find the same," &c.

Sect. 3 provided for releases or assessment of damages

"Sect. 4. It shall be the duty of the surveyor to make out fair and accurate drafts and reports of the location of the said road, &c., * * one copy of said report to be deposited in the office of the clerk of Quarter Sessions in the respective counties through which the said road may pass, &c., * * and from thenceforth the said road shall be a public highway, &c., and shall be opened and repaired as all other roads laid out by counties are made and repaired.

"Sect. 5. The commissioners shall proceed as soon as practicable to complete the location of said road, and if any vacancy occur in their number, by death, resignation or otherwise, the same shall be supplied by the remaining commissioners or commissioner selecting a suitable person or persons, to constitute a board of not less than three members."

On the 30th of May 1867, the commissioners reported "that after having been duly sworn we proceeded with our duties, as directed by said Act of Assembly, and after fully and carefully viewing the ground over which the proposed state road was to be located, we located and marked the same, as indicated and noted by the draft which is hereto attached and made a part of this report, as required by the said Act of Assembly." The report was signed by Reuben Stahler and Aaron N. Laros only. It was filed the same day in the office of the clerk of the Court of Quarter Sessions of Bucks county.

On the 12th of June 1867, on the application of John B. Missimer, the Court of Quarter Sessions granted a rule to show cause why the following (with other exceptions) should not be filed: "Although three commissioners were appointed, it appears on the face of the report that but two acted so far as the laying out the road in Bucks county:" also, why a jury of review should not be appointed. On application of the parties favoring the road, the court granted a rule to show cause why an order to open the road should not be issued.

On the 2d of December 1867, the court (Chapman, P. J.) discharged the rules for filing the exceptions and appointing reviewers, and made the rule for an order to open the road absolute.

J. B. Missimer removed the proceedings to the Supreme Court by certiorari, and assigned for error:—dismissing the exceptions;

[State Road in Lehigh and Bucks Counties.]

awarding an order to open the road, and treating the report of two commissioners as one made in pursuance of the Act of Assembly.

*H. P. Ross* and *G. Lear*, for the certiorari.

·  *J. L. Dubois* and *C. M. Runk*, contrà, cited Smedley *v.* Erwin, 1 P. F. Smith 445; Pittsburg *v.* Scott, 1 Barr 315; Road to Trappe, 2 P. F. Smith 161.

The opinion of the court was delivered, January 25th 1869, by SHARSWOOD, J.—By an Act of Assembly entitled "An Act to lay out a State Road in Lehigh and Bucks Counties," passed March 29th 1867, Pamph. L. 615, three commissioners were appointed to view, lay out and mark a state road from a point in Bucks to another in Lehigh county, and it was provided "that it shall be the duty of the said commissioners or a majority of them * * * carefully to view the ground on which the said road may pass and lay out and mark the same on the route agreed upon by them;" one copy of their report to be filed in the office of the clerk of Court of Quarter Sessions of each county: from thenceforth the said road to be a public highway, and to be opened and repaired as all other roads laid out by counties are made and repaired.

A report signed by two of the commissioners named was filed in the office of the clerk of Quarter Sessions of Bucks county. Several exceptions were presented, and a rule taken to show cause why they should not be filed and a jury to view or review appointed, which was discharged; and a rule on the other side to show cause why an opening order should not issue was made absolute. The record has been removed by certiorari to this court, and the only error which has been insisted on here, and which we need consider, is that the court below erred in treating the paper filed as a report in pursuance of the Act of Assembly, and in awarding the opening order.

It is not necessary to inquire how it would have been if the act had simply devolved the duty of laying out the road on the three commissioners named. Being an authority of a public and not a private nature, it is settled that although all must convene and deliberate a majority may decide: Case of Chad's Ford Turnpike, 5 Binn. 481. If this had not been done, it might have been in an ordinary case the subject of an exception of fact, which however must be taken in the court below and substantiated by evidence. The maxim *omnia præsumuntur rite esse acta* would certainly apply, as it has been held even in the case of a private authority. When a reference is made to three, whose award or that of a majority of them to be final—in which case it is neces-

[State Road in Lehigh and Bucks Counties.]

sary that all should hear and deliberate, yet it has been decided in the case of an award by two that the presumption is that their proceedings were regular: Robinson *v.* Bickley, 6 Casey 384. Even, therefore, if the 5th section of the act, which provides that "if any vacancy occur in the number of the commissioners the same shall be supplied by the remaining commissioners or commissioner selecting a suitable person or persons to constitute a board of not less than three members," did so control the enactment in the 2d section as to make it necessary that the whole board should act, it is evident that it would not constitute a valid ground of objection to the report in this case; because it was not one of the exceptions presented in the court below that all the commissioners did not act, but only that it so appeared on the face of the report—which was an inference merely from its being signed only by two. But we are clearly of the opinion that such was not the effect of the 5th section. It was necessary that there should be an existing board of not less than three members in order that the 2d section should be carried out by the action of a majority. But giving such a construction as will make the two sections consistent, it means to say that a majority of the board, whether composed of the original three, or of such as should be appointed to supply vacancies, should lay out the road. If the 5th section had preceded the 2d, as it ought properly to have done, this would have been apparent to the most cursory reader.

We have assumed that the Court of Quarter Sessions would have had jurisdiction to entertain the exception and refuse the opening order, if the report had not conformed to the requirements of the Act of Assembly, without, however, meaning to express any opinion on that point.

Order affirmed.